UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WALTER HARRIS, | ) | CASE NO. 1:15 CV 2297 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

On November 6, 2015, *pro se* petitioner Walter Harris filed this *in forma pauperis* habeas corpus action under 28 U.S.C. § 2241. Harris is a pretrial detainee at the Cuyahoga County Jail, where he is being held on multiple charges of rape and attempted rape, kidnapping, sexual battery, and gross sexual imposition. *State v. Harris*, Case No. Cr-15-592778, http://cpdocket.cp.cuyahogacounty.us.

The brief petition states in its entirety as follows:

> Now comes above mentioned Defendant in Cuyahoga County Jail held for Common Pleas Court Judge Daniel Gaul Courtroom 19D [and] hereby states that his Bond was revoked due to a fiction and lied about extradition warrant that never existed. Judge Daniel Gaul was lied to by Detectives Badge # 1336 and told a warrant was out for Defendant. This lie caused Defendant's Bond to be revoked. Defendant hereby moves this court to order his Bond be reinstated and he be released immediately due to wrongful incarceration. Arrest on 9-22-15.

A federal court must decline to interfere with pending state proceedings involving important

state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

The three relevant factors supporting abstention are all present here. The issues presented in the petition are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Petitioner does not make a "substantial allegation" showing that the prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Id. at* 48 (noting that bad faith prosecutions are brought with no intention of securing a conviction or with an intention to harass); *id.* at 53–54 (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Phillips v. Court of Common Pleas, Hamilton County*,668 F.3d 804, 811 (6th Cir. 2012) (petitioner unable to seek direct review of court's denial of double jeopardy challenge); *Christian v. Wellington*, No. 4:11 CV 2421, 2012 WL 1252953, at 7 (N.D. Ohio Mar. 16, 2012)(same). Finally, Ohio's state courts have adequate and effective procedures for review of petitioner's claim. Petitioner therefore presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Accordingly, this court abstains from reaching the merits of petitioner's claims.

Based on the foregoing, the request to proceed *in forma pauperis* is granted, and this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith.

                                           /s/ Patricia A. Gaughan  
                                           PATRICIA A. GAUGHAN  
                                           UNITED STATES DISTRICT JUDGE

Dated: 11/18/15